UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PATRICIA DZIB CAMAS,<br>Defendant. | Case No. 24-cr-00513-PHK-1<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

Patricia Dzib Camas ("Defendant") is charged with two Class B misdemeanors: (1) driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1); and (2) operating a motor vehicle with a blood alcohol content ("BAC") of .08 percent or greater, in violation of 36 C.F.R. § 4.23(a)(2). A bench trial is set to commence on June 5, 2025 at 9:00 a.m.; the Final Pretrial Conference is set for May 15, 2025 at 1:00 p.m.

Having reviewed the Parties' Pretrial Conference Statements, and pursuant to Federal Rule of Criminal Procedure 17.1, the Court **ORDERS** as follows:

1) In advance of the Final Pretrial Conference, the Parties shall exchange, by email, lists of exhibits they each intend to introduce into evidence at trial and shall also exchange lists of witnesses they each intend to call at trial. The Government shall provide its list of exhibits and witnesses to Defendant by no later than **May 8, 2025**; Defendant shall provide her list of exhibits and witnesses to the Government by no later than **May 9, 2025**.

2) After exchanging exhibit lists, the Parties shall promptly meet and confer in good faith to attempt to reach stipulation and agreement as to foundation, authentication, and admissibility of both Parties' exhibits (or as many of them as possible). Any such

stipulation **SHALL** be filed by close of business on **May 14, 2025**. The Parties **SHALL** file their final exhibit lists and witness lists with the Court by no later than **May 14, 2025**. To the extent that the Parties have any barriers to reaching agreement on any such documents, they **SHALL** be prepared to discuss such issues at the Final Pretrial Conference.

3) After exchanging witness lists, the Parties shall promptly meet and confer in good faith to discuss any objections to the opposing side's witnesses and to attempt to resolve any such objections. The Parties shall also meet and confer to discuss reaching agreement on a pretrial date and time for disclosure under 18 U.S.C. § 3500 by the Government of any witness statement in the possession of the Government which relates to the subject matter as to which the witness will testify at trial. To the extent that the Parties are unable to resolve any disputes as to any witnesses, they **SHALL** be prepared to discuss such issues at the Final Pretrial Conference.

4) Lead trial counsel for each Party **SHALL** attend the Final Pretrial Conference. Defendant **SHALL** attend the Final Pretrial Conference, unless Defendant files, on or before **May 14, 2025**, a waiver of her right to be present at the Final Pretrial Conference, executed by both Defendant and her counsel, which shall include averment that Defendant was advised of her right to attend by counsel and voluntarily chose not to exercise that right.

5) Pursuant to Federal Rule of Criminal Procedure 17.1, no admissions against interest made by Defendant or her attorney at the Final Pretrial Conference shall be used against Defendant, unless any admissions sought to be so used against Defendant are reduced to writing and signed by Defendant and her attorney.

6) The Final Pretrial Conference will be recorded using the Court's audio recording system, from which the Parties may order a transcript.

7) Any stipulations and agreements arrived at shall be entered solely for use in this case and will not be binding or usable by any Party hereto in any other case or proceeding.

8) At the Final Pretrial Conference, the Parties **SHALL** be prepared to discuss procedures for the trial, including but not limited to:

- Marking for identification the various exhibits to be offered into evidence by each Party.
- Waivers of foundation as to such documents will be secured if possible and agreements reached as to authentication and admissibility.
- The timing of supplying Defendant with Jencks Act statements *prior* to the testimony of each Government witness.
- Confirmation of both Parties' prior representations to the Court that neither side requests (and thus both Parties waive requesting) detailed findings of fact under Federal Rule of Criminal Procedure 23(c), and therefore confirming that the Court will not need to set a due date for the Parties to file proposed findings of fact and conclusions of law.
- Any other issues affecting trial, including any unexpected motions.

9) Following the Final Pretrial Conference, the Parties **SHALL** prepare a stipulation and proposed order, for signature by Defendant, her attorney, the United States Attorney, and the Court, summarizing the stipulations and agreements reached at the Conference.

**IT IS SO ORDERED.**

Dated: May 8, 2025

PETER H. KANG
United States Magistrate Judge