JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar No. 358709
Assistant Federal Public Defender
JAMIE HALPER, Bar No. 356371
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:         Jamie_Halper@fd.org

Counsel for Patricia CAMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA CAMAS,<br><br>Defendant. | Case No.: CR 24–513 PHK<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>**Court:**           Courtroom F, 15th Floor<br>**Hearing Date:**  June 3, 2025<br>**Hearing Time:**  11:00 a.m. |
|---|---|

## INTRODUCTION

Patricia Camas comes before the Court for a guilty plea to Operating Under the Influence (Alcohol Concentration) in violation of 36 C.F.R. 4.23(a)(2), a Class B misdemeanor. The maximum custodial sentence is six months, and the maximum period of probation is five years. The defense submits this sentencing memorandum because the parties anticipate proceeding to sentencing following entry of the guilty plea pursuant to Fed. R. Crim. P. 32(b)(1) and Criminal Local Rule 32-1(b).

Ms. Camas is a lifelong Bay Area resident who has overcome a childhood scarred by domestic abuse and family alcoholism. She had no convictions prior to her arrest in this case. Ms. Camas deeply regrets her actions that led to this charge, and she accepts full responsibility for her conduct as reflected by her guilty plea. Ms. Camas respectfully requests that the Court impose the joint sentencing recommendation of two years of probation and the additional conditions reflected in the plea agreement. *See* Plea Agreement ¶ 7(a)-(g).

## ARGUMENT

In sentencing Ms. Camas, the Court must consider all the directives set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guidelines range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to

avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Because this is a Class B misdemeanor, the Sentencing Guidelines do not apply. *See* U.S.S.G. § 1B1.9.

**I.   The nature and circumstances of the offense support the recommended sentence.**

On May 22, 2024, Ms. Camas was arrested by the National Park Police for driving with a breath alcohol concentration greater than 0.08 grams or more of alcohol per 210 liters of breath within the Golden Gate National Recreation Area in San Francisco, CA. She acknowledges the seriousness of this conduct and the danger driving under the influence creates. The conditions of her probation contemplate Ms. Camas receiving counseling to address underlying causes of her conduct and she will be supervised by a United States Probation officer to monitor her compliance with the required terms.

**II.   Ms. Camas' history and characteristics support the recommended sentence.**

Ms. Camas grew up in San Francisco, California. She attended Sanchez Elementary School, Marina Middle School, John O'Connell High School, and Mission High School. She grew up going to church regularly. She was primarily raised by her single mother, in a household with one of her two sisters. Her mother and sister were an enduring presence in her life, however, her relationship with her father was more challenging. Ms. Camas grew up with an alcoholic father who was inconsistently involved in raising her. He suffered from alcoholism and Ms. Camas felt from a young age that she was not a priority for him.

As a child, Ms. Camas witnessed physical abuse of her mother by her mother's boyfriend. She was deeply frightened and affected by this. After many years, Ms. Camas and her family were given housing they continue to live in today as a result of the abuse her mother endured.

As an adult, Ms. Camas has herself experienced intimate partner abuse. She has since left that relationship and worked hard to stabilize her life. This is despite the limited resources available to her to address trauma. Ms. Camas dreams of going to school and becoming a medical professional, ideally a phlebotomist or a paramedic. She has so far forgone that path because of the responsibility she feels to help her family financially. She plans, however, to enroll in San Franciso City College

once it is economically feasible to do so.

Ms. Camas has already felt significant consequences from her arrest and prosecution. Her license was of course temporarily suspended. Prior to this arrest, she had been working as a home health aide for clients in Pacifica. Her family's car was impounded by police and they were unable to get it back. Consequently, she was no longer able to keep that job, which she really enjoyed. She now works for Urban Alchemy, where she works the graveyard shift welcoming guests to their shelter. Prior to this case, Ms. Camas had no criminal convictions.

### III. The sentence jointly recommended by the government and defense is an appropriate sentence for this case in light of the § 3553(a) factors.

Two years of probation, a program of mental health counseling, completion of the First-Time Offender's DUI Program, participation in treatment and testing for substance abuse per Probation direction, no measurable amount of drugs of alcohol in her system while driving a motor vehicle for the probationary term, prior consent to chemical testing if arrested for a subsequent DUI, and payment of a special assessment constitute the appropriate sentence in Ms. Camas' case. She has worked to rebuild her life in the aftermath of her arrest through employment and support for her family, and looks forward to continuing on the same path. The proposed sentence reflects Ms. Camas' acceptance of responsibility and her commitment to getting her life back on track. It also reflects the challenging life circumstances she has faced throughout her life that led her to this point. The sentence proposed by both the government and the defense is thus appropriate in this case.

### CONCLUSION

For the reasons set forth above, Ms. Camas respectfully requests that the Court sentence her in accordance with the joint government-defense sentencing recommendation. Such a sentence would be sufficient but not greater than necessary to achieve the statutory purposes of § 3553(a).

Dated: June 2, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

           /S
TAYLOR FATHERREE
Assistant Federal Public Defender
JAMIE HALPER
Assistant Federal Public Defender